UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 17-20489
                                             Hon. Terrence C. Berg

D-12 TEEAUNA WHITE,

    Defendant.

_____/

**EMERGENCY MOTION TO REINSTATE BOND**

NOW COMES TEEAUNA WHITE, defendant herein, by her attorney, Allison L. Kriger, and moves this Honorable Court to reinstate her bond, and in support of said motion says as follows:

1. Defendant has been released on bond for more than four years, and fully compliant with the conditions of her release.

2. On August 9, 2023, following her conviction at trial, she posted messages on her Instagram account referring to certain persons who had testified as government witnesses, as a result of which the government filed an "Emergency Motion to Revoke Bond." (R. E. 724).

3. The following day, the Court entered an Order (R. E. 728) revoking defendant's bond and setting a pretrial release violation hearing for the next day, August 11, 2023.

4. As explained more fully in the memorandum in support of this motion, because Ms. White's conduct, while ill-considered, does not constitute a basis for a finding of violation of the conditions of her pretrial release, and because the Court can rest assured that nothing like it will reoccur, it should reinstate her bond.

WHEREFORE, Defendant prays that this Honorable Court enter an Order reinstating her bond.

Respectfully submitted,

s/ Allison L. Kriger (P76364)
LaRene & Kriger, P.L.C.
1717 Penobscot Building
645 Griswold St.
Detroit, Michigan 48226
(313) 967-0100
Allison.kriger@gmail.com

DATED: August 10, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 17-20489
                                           Hon. Terrence G. Berg

D-12 TEEAUNA WHITE,

    Defendant.
_____/

**EMERGENCY MOTION TO REINSTATE BOND**

On June 18, 2019, Defendant White, a resident of the Central District of California, made her initial appearance in the United States District Court for the Eastern District of Michigan, the Honorable Mona K. Majzoub, presiding. At that time, Defendant White was arraigned on Count Four of a four-count indictment and released on a $10,000 unsecured bond. In the four years preceding her trial, Ms. White remained on bond without issue. She was fully compliant with her conditions of release, as well as with protective orders that precluded the disclosure of information contained in material produced by the government pursuant to the Jencks Act. Indeed, her behavior has been so exemplary that the parties stipulated

to amend her conditions of release to permit her to travel out of the country, and this Court entered an Order pursuant to that stipulation. [R. E. 687].

On August 9, 2023, Defendant was convicted by a jury. Within hours of the verdict, Ms. White posted to her Instagram account the content identified in the government's sealed submission in support of its Emergency Motion to Revoke Bond. (R. E. 724). Ms. White's sister separately posted to her own Instagram account a "story" which involved commentary on the trial, including commentary on cooperating witnesses. Undersigned counsel was not present when this content was created or posted.

At 8:01 P.M., undersigned counsel was contacted via SMS message by Assistant United States Attorney Craig Wininger, who advised as follows:

> We got word that Ms. White is posting comments about witnesses at her trial. I wanted to let you know that I anticipate filing a motion to revoke her bond tomorrow. Please let your client know.

At 8:03 P.M., upon seeing Mr. Wininger's messages, undersigned counsel called Mr. Wininger to get additional information about the content. This writer further relayed that she was not with Ms. White nor her sister, but that she would immediately contact Ms. White. Within an hour, undersigned counsel was able to reach Ms. White, the content was immediately removed, and Ms. White changed the setting on her Instagram to non-public. Just after 9:00 P.M., undersigned

counsel notified Mr. Wininger of the same. To allow the Court to review her Instagram account prettyp0ckets100, since then, however, Ms. White has modified the settings on her account to public once more.

Late in the evening of August 9, 2023, the government filed an Emergency Motion to Revoke Defendant Teeauna White's bond on the ground that she and her sister posted to their respective Instagram accounts content the government characterized as "harassing messages about government witnesses and their families." The government contended that these messages constitute a violation of her conditions of release, insofar as her "bond was subject to certain conditions, including that she refrain from attempting to retaliate or intimidate witnesses. (ECF No. 234, PageID.1719)." R. E. 724, Page ID # 7753

Ms. White's bond order does not contain any restrictions on her participation in social media. It does, however, contain the form admonishment referred to by the government:

> While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition) to any other sentence you receive.
>
> It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to

3

intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

The statute referred to, of course, is 18 U.S.C. §1513. Retaliating against a witness, victim, or an informant, and the pertinent subsection, § 1513(e), reads as follows:

> (e) Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

There are three elements to a violation of § 1513(e): proof that (1) the defendant knowingly took an action with intent to retaliate; (2) the defendant harmed the alleged victim; and that (3) his retaliation was spawned by the alleged victim's assistance to law enforcement. *See, e.e. United States v. Stoker,* 706 F.3d 643, 646 (5th Cir. 2013). It is the defense's position that the prosecution can prove neither of the first two of these.

Following the verdict, Ms. White was overwhelmed with emotion, and she posted the referenced content. The content was, undoubtedly, in extremely poor taste and posted using extremely poor judgment. However, there was no call to action, no threat, and she immediately removed it, after undersigned counsel

4

advised her to remove the content. At the same time, there is no reason to believe that the persons identified in the posts actually suffered any real harm from Ms. White's intemperate actions. The content was posted for a relatively short time, there was no call to action, and the names of the identified cooperating witnesses are a matter of public record.

At the same time, Ms. White's conduct since the postings were called to her attention strongly suggests that she has returned to her pre-trial pattern of responsible and compliant conduct, and will continue to do so. As mentioned above, she immediately took down the offending posts, and has now made her account public, which will allow all concerned to monitor her online behavior. In addition, although Ms. White was scheduled to fly home to California, shortly after this Court entered the Order revoking her bond, she voluntarily surrendered herself – a further demonstration of her determination to conduct herself appropriately, and entirely consistent with her past behavior while on bond.

Unquestionably, our actions have consequences – even (or especially) our most foolhardy ones. However, it is only right, fair, and reasonable, not to allow a foolhardy moment to outweigh a consistent history – here, a four-year history – of good and upright behavior. Upon due consideration, the Court should reinstate Ms.

White's bond, and can be confident that if it does so, her extreme lapse in judgment will not repeat itself.

Respectfully submitted,

s/ Allison L. Kriger (P76364)
LaRene & Kriger, P.L.C.
645 Griswold St.
Detroit, Michigan 48226
(313) 967-0100
Allison.kriger@gmail.com

DATED: August 10, 2023

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2023  I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                                s/ Allison L. Kriger (P76364)
                                                LaRene & Kriger, P.L.C.
                                                645 Griswold St.
                                                Detroit, Michigan 48226
                                                (313) 967-0100
                                                Allison.kriger@gmail.com