UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Criminal No. 17-20489

v.

Honorable Terrence G. Berg

D-12 Teeauna White,

Defendant.

## Government's Response in Opposition to Defendant's Renewed Motion to Reinstate Bond (ECF No. 766)

### Introduction

This Court already ruled that "bond [was] not appropriate" after White "threaten[ed] to harm" trial witnesses and participated in her sister's disparaging comments about the government on social media. PageID.9195. In revoking White's bond, the Court rejected as insufficient her arguments that she acted out of character, was driven by extreme emotion, and that it wouldn't happen again. PageID.7891-93. White failed to show by clear and convincing evidence that she would not pose a danger to the safety of another person or the community if released.

Nothing in her renewed motion has changed to upset the Court's prior ruling. The passage of time since her threatening posts and her family's

circumstances, while sympathetic, do not negate White's threatening acts that resulted in her bond revocation in the first place. The Court should deny White's renewed motion.

## Argument

The Court's renewed consideration of bond following the jury's guilty verdict begins with the presumption that White should be detained, as the applicable statute directs that "the judicial officer *shall* enter an order that a person…awaiting the imposition or execution of a sentence...be detained." See 18 U.S.C. § 3143(a) (emphasis added). The only way to avoid this directive is for the defendant to show "by clear and convincing evidence [they are] not likely to…pose a danger to the safety of any other person of the community if released." *Id*. White still fails to meet her high burden.

After the verdict White took to her widely followed social media to threaten trial witnesses in multiple posts. It included naming cooperating witnesses, posting rat emoji's next to their names, and going so far as to list the city where White presumably thought one of the witnesses resided. White also included a picture of another witness who she accused of "ignit[ing] [her] indictment" and even named the witness' family members. See Gov. Sealed Ex. 2-3 to ECF No. 724. As this Court reviewed White's posts it found "there's no way a person could look at this as anything other than threatening…It's suggesting that [the witness] harmed Ms.

2

White and harmed Maurice McCoy and that he deserves something bad." PageID.9194. The Court found that White's behavior "is evidence of threatening to harm people, and threatening to harm people is a danger to the community." PageID.9195.

White's contention that she failed to appreciate the seriousness of her actions or that she acted out of character due to her intoxication after the verdict is a hollow excuse. PageID.9241. White's sister "chronicled" the court proceedings in videos posted to Instagram. In one video White posed arm-in-arm with her sister and said she was "nervous" and accused the "prosecutor [of] playing with me," to which White's sister announced "fu** [trial AUSA], fu** the feds, fu** DEA, fu** Detroit," and they laughed boisterously. See Gov. Sealed Ex. 5-6 to ECF No. 724. White's participation in her sister's post, which the Court described as "very concerning," (PageID.9195) was *before* the verdict.

But even during the trial, White let her emotions get the best of her and she again acted "impulsive[ly]." PageID.9241. At one point White directed inappropriate comments to the trial AUSA. During a break in Special Agent Fitch's direct examination White, outside the presence of her counsel, accused the witness of "interrogating" her children (minors left unattended) when they searched her home, and inquired whether he would be questioned about it. The trial AUSA informed White it was not appropriate to direct comments to her and

3

advised counsel about White's behavior before the testimony resumed. White can't attribute either of these incidents, which were at a minimum brazen and inappropriate, to intoxication.

When the Court revoked White's bond it acknowledged that her threats may have been motivated by emotion, but there was no "reason to believe that simply because Ms. White…turned herself in on [her arrest] warrant…that she now [recognizes] how serious this crime was or has changed her opinion, as expressed in these posts, that the people who cooperated against her…deserve to be hurt or punished for doing so." PageID.9194. The same is true of her time in custody. Her expressed regret and realization of the unfortunate impact her actions have had on her family does not amount to clear and convincing evidence that she does not pose a danger to the safety of any other person of the community.

White's basis for the renewed request is driven by her desire to generate income over the next roughly 30 days before her sentencing and address her family's circumstances, namely, arrange for her children's care and housing while she presumably is in prison. PageID.9237-38, 9241-43. The government is sympathetic to the upheaval White's children are experiencing as a result of their mother's actions. It can't be easy for them. But most families face hardships in many forms—emotionally and economically—based on someone's imprisonment. As noted by another court where family care and a third-party custodian family

4

member were offered as a basis for release pending sentencing, "although sad and unfortunate and challenging for family members, such circumstances often are foreseeable consequences of a defendant being arrested for engaging in criminal activity, not exceptional circumstances that warrant releasing a defendant pending the defendant's sentencing." *United States v. Clark*, No. 22-20041, 2022 WL 2974894, at *3, fn.4 (E.D. Mich. Jul. 27, 2022).

In the context of a motion for compassionate release another court acknowledged "a crime often inflicts harm…on those in a defendant's circle of family and friends who depend on that defendant for all manner of support." *United States v. Cole*, No. 18-20237, 2021 WL 194194, at * 3 (E.D. Mich. Jan. 20, 2021). The court went on to note "[o]ften, a defendant's family's needs can be met through other family members, neighbors, faith groups, community organizations and government agencies." *Id*. White will need to do as the court in *Cole* advised. She will need to rely on family or other confidants to do things like clean out her Pala Loma residence, enroll her kids in new schools, and hopefully wrap up any outstanding business matters. PageID.9243. But White's expressed contrition now that she is in custody and desire to personally handle family and business matters does not negate her participation in her sister's posts disparaging the government *before* the verdict nor White's threatening government witnesses after the jury's verdict. It does not overcome the statutory presumption she be detained or alter the

Court's finding that White poses a danger to the community and that bond is not appropriate.

<h2 align="center">Conclusion</h2>

The Court should deny White's motion without ordering Pretrial Services to conduct any investigation regarding their ability to adequately supervise White pending sentence.

Respectfully Submitted,

Dawn N. Ison
United States Attorney

*s/ Andrea Hutting*
Andrea Hutting, P68606
Craig F. Wininger
Gjon Juncaj
Assistant United States Attorneys
211 W. Fort St. Suite 2001
Detroit, MI 48226
313-226-9110 phone
andrea.hutting@usdoj.gov

Dated: November 16, 2023

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to the following:

Allison Kriger

> _s/Andrea Hutting_
> Andrea Hutting
> Assistant United States Attorney