UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                              Criminal No. 17-cr-20489

v.

                                            Honorable Terrence G. Berg

D-12 Teeauna White,

        Defendants.
                                  /

## **ORDER OF FORFEITURE AS TO DEFENDANT TEEAUNA WHITE**

This matter comes before the Court on the United States' Application for Order of Forfeiture as to Defendant Teeauna White. Having reviewed the Application, the testimony and exhibits presented at trial, the record in this case, and having discussed the issue of forfeiture on the record at defendant's sentencing, the Court ORDERS as follows:

On May 24, 2023, Defendant was charged in a Tenth Superseding Indictment with Count Four, Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). The Tenth Superseding Indictment included a forfeiture allegation providing notice that, pursuant to 18 U.S.C. § 982(a)(1), the defendant shall forfeit to the United States any property, real or personal, involved

1

in such offense, and any property traceable to such property, including, but not limited to:

> Real Property located at 27622 Pala Loma Ct., Moreno Valley, California, and being more fully described as:
>
> Lot 62, of Tract 24097, in the City of Moreno Valley, as shown recorded in Book 223, Pages 88 to 95 inclusive of Maps in the office of the County Recorder of Riverside County, California.
>
> APN: 304-220-044-1
>
> TITLED TO: JPC Equity Properties, LLC a California Limited Liability Company.

The forfeiture allegation also provided notice that forfeiture includes the imposition of a forfeiture money judgment against the defendant, in favor of the United States, representing the value of the property involved in the offense of conviction.

On August 9, 2023, at the conclusion of the jury trial, Defendant was convicted of the money laundering conspiracy charged in the Tenth Superseding Indictment.

The Court finds that the evidence at trial and the record in this case established that property involved in the offense of conviction included real property located at 27622 Pala Loma Ct., Moreno Valley, California (the Pala Loma property), was involved in the money laundering conspiracy, and that over

$550,000 was laundered through the property. The Court finds further that additional property was involved in the offense of conviction, and that a forfeiture money judgment must be imposed against the defendant, in favor of the United States, in an amount representing the value of the property involved in the offense of conviction.

On December 20, 2023, the parties appeared for sentencing in this matter. Defendant was advised at sentencing that the Court was imposing an order forfeiting any interest she has in the 27622 Pala Loma to the United States. The defendant was further advised that the court is imposing a forfeiture money judgment against the defendant, in favor of the United States, in an amount determined by the Court, or by agreement of the parties, at or before a continued forfeiture sentencing date to be set by the Court.

NOW, THEREFORE, based on the Government's Application for Order of Forfeiture as to Defendant Teeauna White, the Tenth Superseding Indictment, Defendant's conviction at trial, the testimony and exhibits presented at trial, the forfeiture discussions at sentencing, and other information in the record:

IT IS HEREBY ORDERED that any interest of defendant Teeauna White in real property located at 27622 Pala Loma Ct., Moreno Valley, California, is forfeited to the United States of America. Forfeiture proceedings pertaining to third

party interests in the Pala Loma property, including the interests of defendant Robin Herndon, shall be finalized in this proceeding or in related civil forfeiture proceedings docketed at 23-cv-11306.

IT IS FURTHER ORDERED that a forfeiture money judgment is granted and entered against defendant Teeauna White in an amount to be determined by the Court, or as stipulated by the parties, at or before a continued forfeiture sentencing date to be set by the Court. The forfeiture money judgment amount shall be equal to the value of the property involved in the offense of conviction, as permitted by law.

The Court ORDERS that, upon the Court's final order setting the value of the forfeiture money judgment, the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or controlled by Defendant. Any assets that Defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. § 853(p) until the forfeiture money judgment is satisfied in full. The United States may undertake whatever discovery is necessary to identify and locate substitute assets under Federal Rule of Criminal Procedure 32.2(b).

Except as it pertains to determining the final dollar amount of the forfeiture money judgment, under Federal Rule of Criminal Procedure 32.2(c), this Order

shall become final as to the defendant at sentencing and shall be made part of defendant's sentence and included in the Judgment.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, under Federal Rule of Criminal Procedure 32.2(e).

**********************************************************************

**IT IS SO ORDERED.**

Date: December 20, 2023            /s/Terrence G. Berg_____
                                   Honorable Terrence G. Berg
                                   United States District Judge